THE COUNTERS FIRM, P.C.
Representation you can count on.

Lisa Counters, 016436
16421 N. Tatum Blvd., Ste. 207
Phoenix, AZ 85032
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smail Yaakoubi,<br><br>                                  Plaintiff,<br>vs.<br><br>Aetna Life Insurance Company, a foreign insurer; Marriott International Inc. Long-Term Disability Plan,<br><br>                                  Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Smail Yaakoubi ("Yaakoubi") alleges as follows:

**JURISDICTION AND VENUE**

1. Yaakoubi is a resident of Maricopa County, Arizona.

2. Marriott International, Inc. ("Marriott") is a corporation with its headquarters in Bethesda, Maryland.

3. Defendant Aetna Life Insurance Company ("Aetna") is a foreign insurer, authorized to do business and engaged in business in the State of Arizona. Aetna resides and is found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

4. Defendant Marriott International Inc. Long-Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Marriott for the benefit of its

employees. The Plan includes long-term disability benefits ("LTD"). Marriott is the Plan Administrator.

5. Marriott is also a Plan Fiduciary as that term is defined by ERISA.

6. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because Yaakoubi's resides in Arizona.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

9. The Plan's LTD benefits are paid for and administered by Aetna.

10. For the Plan's LTD benefits, Aetna is the Claim Administrator and is a Plan Fiduciary as defined by ERISA.

11. Marriott funds the LTD benefits of its Plan through the purchase of an insurance policy from Aetna. In exchange for premiums, Aetna pays all benefits due under the LTD portion of the Plan.

## GENERAL ALLEGATIONS

12. Marriott provided certain employees with LTD benefits pursuant to the Plan.

13. Under the terms of the LTD benefit, Yaakoubi is entitled to benefits if, as a result of sickness or injury, he is limited from performing the material and substantial duties of his regular occupation and if he has a 20% or more loss in his indexed monthly earnings due to the same sickness or injury for the first 24 months of disability.

14. Thereafter Yaakoubi is considered disabled when Aetna determines that due to the same sickness or injury, Yaakoubi is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience.

15. The Plan defines gainful occupation as an occupation that is or can be expected to provide Yaakoubi with an income of at least 80% of his indexed monthly earnings.

16. The Plan also requires that Yaakoubi be under the regular care of a physician in order to be considered disabled.

17. The Policy defines material and substantial duties as duties that "are normally required for the performance of your regular occupation and cannot be reasonably omitted or modified."

18. At all relevant times, Yaakoubi was a Marriott employee, became a covered individual under the Plan, and remained continuously employed. Yaakoubi's job title was Specialty Restaurant Chef.

19. The material and substantial duties of Yaakoubi's occupation that he is and remains unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Prepare and cook food of all types on a regular basis or for special guests or functions;
- Leads shift teams while personally preparing food items;
- Training specialty restaurant staff on menu items;
- Ability to stand for 90% of the day as he is required to prepare meals, manage and assist staff, and stand for long periods of time without a break;
- Any task which requires memory or consistency in job performance;

20. Yaakoubi suffers from numerous serious medical issues. Yaakoubi stopped working on approximately November 9, 2009 due to lumbar degenerative disc disease, complex regional pain syndrome of his ankle, knee pain, hip bursitis, and foot pain. Yaakoubi has a history of polio and related illnesses and injuries resulting from having polio as a child.

21. Yaakoubi qualified for the Plan's short-term disability benefits and Aetna paid his through the maximum benefit period of May 7, 2010.

22. Aetna transitioned Yaakoubi to Long-Term Disability benefits effective May 8, 2010, and paid those benefits through May 7, 2012.

23. Aetna indicated from the date it approved Long-Term Disability benefits that it was paying Yaakoubi benefits under the "own occupation" provision of the policy and that his claim would be reevaluated after two years to determine if he continued to meet the definition of disability once the any occupation provision began.

24. Aetna's August 23, 2012 denial letter indicated that his claim was terminated and no further benefits would be provided.

25. Aetna had Yaakoubi's file evaluated by its own in-house physician, Dr. Malcolm McPhee, on June 5, 2012. Dr. McPhee concluded that Yaakoubi could only stand for 30 to 60 minutes at a time before shifting position, that he could not walk more than 50 feet at a time and that walking must be strictly limited, and that he would not be able to lift more than 10 lbs on a regular basis. Dr.McPhee's evaluation essentially makes the case that Yaakoubi could not perform the duties of any occupation for which he is suited based on his education, training or experience as he does not have an education beyond middle school, he has no job training and the only jobs he has ever had are similar to the job he had as a Specialty Restaurant Chef which Aetna admits he cannot perform based upon his disabilities.

26. Yaakoubi is entitled to $2,878.72 per month in disability benefits under the terms of the Plan and Policy.

27. Yaakoubi provided proof of his continuing disability through medical records, completed Attending Physician Statements and any other information requested by Aetna during the duration of his claim.

28. Yaakoubi submitted his appeal of Aetna's termination of his claim for long-term disability benefits by letter dated February 19, 2013. Yaakoubi also submitted additional medical documentation.

29. Aetna denied Yaakoubi's appeal for long-term disability benefits in their final denial letter dated June 28, 2013.

30. Yaakoubi's claim for LTD benefits is deemed exhausted.

31. Yaakoubi continues to be totally disabled as defined by the Plan.

32. Yaakoubi has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

33. Yaakoubi incorporates and realleges all previous allegations.

34. The Plan contains some language purporting to grant Marriott discretion and to give Marriott the ability to delegate discretion to others; however, Yaakoubi does not believe the Plan Document is a valid Plan document. Therefore, the Plan does not contain any valid grant of discretion.

35. Yaakoubi became disabled in November 2009 due to exacerbation and worsening of his low back pain due to lumbar degenerative disc disease, complex regional pain syndrome of his ankle, knee pain, hip bursitis, and foot pain. Yaakoubi continues to be disabled, and is unable to perform the substantial and material duties of his occupation or any occupation for which he is fitted based on his education, training or experience.

36. Aetna approved Yaakoubi's claim for long-term disability benefits effective May 8, 2010. Aetna continued to pay Yaakoubi's long-term disability claim for the first 24 months based on the Plan's 24 month own occupation provision.

37. Despite the coverage of Yaakoubi's long-term disability, Aetna suspended payments to Yaakoubi as of May 7, 2012 in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

38. Yaakoubi continues to be disabled as a result of the same conditions which rendered him disabled beginning November 2009. Therefore, Yaakoubi is entitled to receive

long-term disability benefits in the amount of $2,878.72 per month from May 7, 2012 through the present and until such time as he is no longer disabled.

39. The Plan is funded by the purchase of the Policy and Aetna, as claims administrator and plan fiduciary of the LTD benefit operates under a conflict of interest.

40. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Yaakoubi is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan. Yaakoubi is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Plan.

41. Pursuant to 29 U.S.C. § 1132(g), Yaakoubi is entitled to recover his attorneys' fees and costs incurred herein from Marriott and the Plan.

42. Yaakoubi is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Yaakoubi prays for entry of judgment against Defendants as follows:

    A.    For all past and future benefits due Yaakoubi under the terms of the Plan;

    B.    Clarifying and determining Yaakoubi's rights to future benefits under the terms of the Plan;

    C.    For an award of Yaakoubi's attorneys' fees and costs incurred herein;

    D.    For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

    E.    For such other and further relief as the Court deems just and reasonable.

Dated this <u>14th</u> day of August 2014.

                                      THE COUNTERS FIRM, P.C

                                By: <u>/s/ Lisa J. Counters</u>
                                      Lisa J. Counters

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 14, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

By: <u>  /s/ Lisa J. Counters  </u>